UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHERYL L. SCOTT BROWN                                                                                    PLAINTIFF

v.                                                                                                                  3:13-CV-562-CRS

CAROLY W. COLVIN, ACTING COMMISSIONER
OF THE SOCIAL SECURITY ADMINISTRATION                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court for consideration of the Findings of Fact, Conclusions of Law, and Recommendation (the "report," DN 27) of the United States Magistrate Judge which recommends that we affirm the decision of the Administrative Law Judge ("ALJ") denying the plaintiff disability insurance benefits and supplemental security income benefits. The claimant, Cheryl L. Scott Brown ("Brown"), has not objected to the report. The court has considered both the report and the record in the case, and concludes that the report of the magistrate judge should be accepted and adopted, and the decision of the ALJ should be affirmed.

This matter is before the court on remand from the United States Court of Appeals for the Sixth Circuit. The court is thus constrained by the Sixth Circuit's directive "to consider whether the ALJ erred in failing to address the side effects of Brown's medication." ( DN 19, p. 7).  This judge had no involvement in the matter prior to this remand.

In his report, the magistrate judge noted that Brown's claim of disabling side effects was recognized by the ALJ but not discussed in any greater detail than his determination that Brown's own statements concerning the extent to which she is affected by her medications were not credible, as the medical record did not support a finding of total disability. Indeed, Brown's claim of totally disabling drowsiness, nausea, and dizziness from her medications was considered by the ALJ in the context of the entire record. He stated as much in the decision: "In making this finding, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence…" (DN 7-2, p. 6). As noted by the magistrate judge, there is a complete absence of evidence in the medical record to substantiate Brown's claim of debilitating side effects from medication. Brown's testimony before the ALJ stands alone in this record. While the ALJ did not *elaborate* on the conclusion, he clearly reached a conclusion regarding her credibility upon failing to find any support for the seemingly sincere statements offered by Brown. On remand of this issue, Brown offered nothing beyond mere disagreement with the ALJ's credibility determination.

The magistrate judge correctly noted that the regulations recognize that intensity and persistence of a person's symptoms may "suggest a greater severity of impairment than can be shown by objective medical evidence alone." 20 C.F.R. § 404.1529(c)(3).[1] In such an instance, the Commissioner (ALJ) will consider any other information a person submits about his or her symptoms, including, among other factors, the side effects of any medications taken to alleviate pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(iv).

As explained in *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531-32 (6th Cir. 1997),

---

[1] This is the correct citation for this quoted language. There is a typographical error in the report at p. 4.

The regulations indicate that if disabling severity cannot be shown by objective evidence alone, the Commissioner will also consider other factors, such as daily activities and the type and dosage of medication taken. *See* 20 C.F.R. § 404.159(c)(3). In so doing, the Commissioner has the power and discretion to weigh all of the evidence and resolve the significant conflicts in the administrative record. *See Bradley*, 862 F.2d at 1227.[2] The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis. *See Blancha*, 927 F.2d at 230.[3]

As noted, however, here there is *no* objective medical evidence at all suggesting a disabling severity of side effects from medications – neither objective tests nor any physician's observations or opinions.

The magistrate judge determined that the ALJ's credibility determination was, in fact, supported by an adequate basis, and that the ALJ did not err. We agree.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Findings of Fact, Conclusions of Law, and Recommendation of the magistrate judge (DN 27) are **ACCEPTED AND ADOPTED IN THEIR ENTIRETY**, there being no objection filed thereto. A separate judgment will be entered this date in accordance with this memorandum opinion and order.

November 3, 2016

**IT IS SO ORDERED.**

Charles R. Simpson III, Senior Judge
United States District Court

---

[2] *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1227 (6th Cir. 1988).
[3] *Blancha v. Secretary of Health and Human Services*, 927 F.2d 228 6th Cir. 1990).